UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
RHONDINE MELENDEZ, on behalf of herself          :
and all others similarly situated,                       :
                                                         :                    **ORDER**
                                    Plaintiff,           :
                                                         :              23 Civ. 9532 (VMS)
                    -against-                            :
                                                         :
RAAKA CHOCOLATE, INC.,                                   :
                                                         :
                                    Defendant.           :
                                                         :
-------------------------------------------------------------X

**Vera M. Scanlon, United States Magistrate Judge:**

This is an action seeking damages and declaratory and injunctive relief for alleged

violations of the Americans with Disabilities Act, 42 U.S.C. § 12182 et seq. (the "ADA"), and

the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 et seq. (the "NYCHRL").

Before the Court is Defendant's motion to dismiss under Federal Rules of Civil Procedure

("Rules") 12(b)(1) and 12(b)(6).  For the reasons stated below, Defendant's motion to dismiss is

granted; the amended complaint is dismissed without prejudice; and Plaintiff is sua sponte

granted leave to amend her complaint to correct all deficiencies in her pleadings.  Plaintiff may

file a second amended complaint within 45 days of this Order.  If Plaintiff does not file a second

amended complaint within 45 days of this Order, this action will be dismissed without prejudice

for lack of standing.[1]  Defendant must answer or otherwise respond to any second amended

complaint within 21 days of service.

---

[1] Beyond the issue of standing, Defendant raised several arguments in its motion as to why this action should be dismissed, namely, that Plaintiff failed to first provide Defendant with "reasonable notice" of its alleged website accessibility issues and a subsequent opportunity to correct said alleged issues.  Def.'s Mem. L. at 6-11, ECF No. 26-10.  In its prior motion to dismiss Plaintiff's original complaint, which Defendant incorporates by reference into the instant

1

## I.    BACKGROUND

The following facts are taken from Plaintiff's Amended Complaint at ECF No. 20.  All

facts are accepted as true for the purposes of this motion only.  See Cortlandt St. Recovery Corp.

v. Hellas Telecomm. S.à.r.l., 790 F.3d 411, 417 (2d Cir. 2015).

Plaintiff Rhondine Melendez "is a visually-impaired and legally blind person who

requires screen-reading software to read website content using the computer."  Am. Compl. ¶ 2,

ECF No. 20; see id. ¶¶ 17, 39.  Plaintiff "often seeks out high-end chocolate for both its taste and

health benefits" and "believes that it has fewer artificial additives and a purer taste."  Id. ¶¶ 22,

40.

Defendant Raaka Chocolate, Inc. sells organic, gluten-free and soy-free chocolate and

related products.  See id. ¶¶ 23, 37, 41.  Defendant operates a website through which users of the

website can purchase Defendant's chocolate and other products.  See id. ¶¶ 37-38.  Defendant's

website offers free shipping to customers, as well as a subscription service whereby customers

can receive a discount on Defendant's products.  See id. ¶¶ 23, 41.

On November 29 and 30, 2023, while "looking for a chocolate maker specializing in

high-quality chocolates with unique flavors[,]" id. ¶ 22, Plaintiff attempted to purchase a "Ginger

Snap" chocolate bar from Defendant using Defendant's website.  See id. ¶ 42.  Plaintiff's screen

reading software encountered several issues while attempting to purchase the Ginger Snap

chocolate bar, including identical alternative text for different images, errors in various "buttons"

---

motion, see id. at 3, Defendant also argues that Plaintiff's claims are moot.  See Def.'s Prior
Mem. L. at 15-16, ECF No. 18-9.  As standing is "the threshold question in every federal case,"
Nnebe v. Daus, 644 F.3d 147, 156 (2d Cir. 2011), the Court does not reach Defendant's other
arguments in favor of dismissal here.  Should Defendant move to dismiss a second amended
complaint filed by Plaintiff, Defendant must include any arguments it wishes the Court wishes to
consider in its papers rather than incorporate them by reference.

on the website, deficient "landmarks" on the website and broken hyperlinks. See id. ¶¶ 25, 43. Because of these issues, Plaintiff "was unable to understand and properly interact with [Defendant's website]," and was unable to purchase the Ginger Snap chocolate bar from Defendant's website. Id. ¶ 25. Plaintiff "intends to attempt to access [Defendant's website] in the future to purchase products and services [that Defendant's website] offers, and more specifically the Ginger Snap chocolate bar," if the issues pertaining to screen reading software on Defendant's website are remedied. Id. ¶¶ 29, 45 (noting that Plaintiff intends to return to return to Defendant's website "in the near future").

On December 28, 2023, Plaintiff filed the instant action, seeking declaratory and injunctive relief under the ADA and damages and declaratory and injunctive relief under the NYCHRL. See ECF No. 1. The parties consented to the jurisdiction of the undersigned for all purposes, including disposition of this case. See ECF No. 11. Defendant then moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6). See ECF No. 18. The Court held oral argument on Defendant's motion and permitted Plaintiff to amend her complaint in response to the issues raised in Defendant's motion to dismiss. See 6/18/2024 Minute Entry; 6/21/2024 Order. Plaintiff filed an amended complaint adding factual details behind the reasons why she sought to purchase chocolate from Defendant's website and the issues she had encountered while attempting to purchase chocolate on Defendant's website. See ECF No. 20. Defendant filed the instant motion in response. See ECF No. 26. Defendant also moved for sanctions pursuant to Rule 11, see ECF No. 22, which the Court denied without prejudice as premature, finding that "in a case such as this one in which a defendant has filed a sanctions motion at the outset of a case on the ground that the plaintiff's allegations are false, the best approach is to deny the motion without prejudice to renewal after discovery." 2/25/2025 Order.

3

## II.    LEGAL STANDARD

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the . . . constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "Article III of the Constitution limits the jurisdiction of federal courts to [c]ases and [c]ontroversies[,]" which exist only when a plaintiff "establishes that she has standing to sue." Murthy v. Missouri, 603 U.S. 43, 56-57 (2024) (citations, quotation marks & internal brackets omitted).

In order to establish standing to sue, a plaintiff must show "that she has suffered, or will suffer, an injury that is concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Id. at 57 (citation & quotation marks omitted). If a plaintiff seeks only injunctive relief, allegations of past injuries "are relevant only for their predictive value" in determining whether an injury-in-fact exists. Id. at 59. In assessing a plaintiff's standing to sue, courts "accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party." Cortlandt St. Recovery, 790 F.3d at 419 (citation, internal brackets & ellipsis omitted). Nevertheless, in order for a plaintiff to have standing to sue, the "alleged injury in fact must be plausible." Amidax Trading Grp. v. S.W.I.F.T. SCRL, 671 F.3d 140, 146 (2d Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A court need not "presume as true . . . legal conclusions couched as factual allegations." Calcano v. Swarovski N. Am. Ltd., 36 F.4th 68, 76 (2d Cir. 2022) (citation, quotation marks, internal brackets & ellipsis omitted).

A plaintiff seeking injunctive relief for alleged violations under the ADA

has suffered an injury in fact when: "(1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of [the]

4

plaintiff's visits and the proximity of [the] defendants' businesses to [the] plaintiff's home, that [the] plaintiff intended to return to the subject location."

Id. at 74 (quoting Kreisler v. Second Avenue Diner Corp., 731 F.3d 184, 187-88 (2d Cir. 2013)) (internal brackets omitted).  A plaintiff's vague, conclusory allegations of past injury or intent to return do not "nudge [a plaintiff's] claims 'across the line from conceivable to plausible,'" as such allegations do not support a finding of a concrete injury-in-fact.  Id. at 76-77 (quoting Iqbal, 556 U.S. at 680).  "Claims under the ADA and NYCHRL are governed by the same standing requirements, and therefore a complaint that fails to allege standing for purposes of the ADA also fails to allege standing under the [NYCHRL]."  Martin v. Brooklyn Bagel & Coffee Co., Ltd., No. 24 Civ. 3758 (ARR) (RML), 2024 WL 4827737, at *7 (E.D.N.Y. Nov. 18, 2024) ("Martin I") (citation & quotation marks omitted); see Feliz v. IHealth Labs Inc., No. 23 Civ. 354 (JLR), 2024 WL 342701, at *5 (S.D.N.Y. Jan. 30, 2024) (noting that "[u]nlike the ADA, the NYCHRL provides for compensatory and punitive damages" (citing N.Y.C. Admin. Code §§ 8-120(a)(8), 8-126(a), 8-502(a)).

## A.    Past Injury

In the context of an allegedly partially inaccessible website, a plaintiff may satisfy the past-injury requirement by alleging facts that "demonstrate that [the plaintiff] encountered a barrier that impeded his access to the specific feature [of the defendant's website] in which he was purportedly interested."  Martin I, 2024 WL 4827737, at *4 (finding that the plaintiff did not establish a past injury because "the complaint contains no facts indicating that the inaccessible features of the website had any impact on his stated interest in the [w]ebsite"); see Hernandez v. Janie & Jack, LLC, No. 24 Civ. 5354 (BMC), 2025 WL 1898930, at *2 (E.D.N.Y. July 9, 2025) (finding a past injury because the plaintiff alleged that "he visited [the] defendant's website and was unable to purchase [pajamas] due to the accessibility barriers on [the] defendant's website"

and "specifi[ed] the accessibility issues with the website that caused his inability to purchase the pajamas"). A plaintiff "need not allege that the barriers 'entirely prevented' him from accessing [the website's features at issue]," as "all that is required is that the barriers made access 'more difficult, burdensome, or dangerous.'" Martin I, 2024 WL 4827737, at *4 n.4 (quoting Davis v. Wild Friends Foods, Inc., No. 22 Civ. 4244 (LJL), 2023 WL 4364465, at *5 (S.D.N.Y. July 5, 2023)).

**B.    Continuing Discriminatory Treatment**

In order to satisfy the continuing-discrimination requirement, "a plaintiff bringing an ADA claim involving a website need only plead facts sufficient to enable a court to infer that the discriminatory treatment will continue when [the] plaintiff visits the website again." Velazquez v. Spice & Tea Exchange, LLC, No. 22 Civ. 7535 (PGG) (RWL), 2024 WL 3928613, at *4 (S.D.N.Y. Aug. 22, 2024) (citations, quotation marks & internal brackets omitted) (finding that the plaintiff sufficiently alleged continuing discrimination by claiming that "he has visited the [defendant's w]ebsite twice . . . and both times has faced accessibility barriers"), report & recommendation adopted, 2024 WL 4950065 (S.D.N.Y. Dec. 3, 2024). "Courts have held this element satisfied where a plaintiff has made repeated visits to an allegedly inaccessible website and encountered continuing barriers." Thorne v. Cap. Music Gear LLC, No. 23 Civ. 776 (LGS), 2024 WL 1604273, at *4 (S.D.N.Y. Apr. 12, 2024).

**C.    Intent To Return**

The intent-to-return requirement requires an examination of "the totality of all relevant facts" in order to determine whether "the plaintiff plausibly alleges a real and immediate threat of future injury." Calcano, 36 F.4th at 75 (citation & quotation marks omitted). The Second Circuit has cautioned that "a mere 'profession of an intent to return to the places' previously

visited is 'not enough' to establish standing for prospective relief." Id. at 78 (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 564 (1992)); see Harty v. West Point Realty, Inc., 28 F.4th 435, 443 (2d Cir. 2022) (noting that allegations of an intent to return to a defendant's location "some day" or "in the near future" are insufficient to establish standing).

In the website context, "[f]ollowing Calcano, courts in this Circuit have required specific factual allegations to establish standing, such as details about a plaintiff's past visits to a defendant's website, the reasoning behind a plaintiff's desire for a particular product, and an explanation of a plaintiff's need to purchase products from the particular website in question." Loadholt v. Oriental-Décor.com Inc., No. 22 Civ. 8205 (AS) (RWL), 2024 WL 78243, at *3 (S.D.N.Y. Jan. 4, 2024) (finding that the plaintiff did not establish standing because he "has not alleged specific facts regarding his interest in purchasing goods from [the d]efendant, such as what caused his interest in purchasing bonsai trees and wall scrolls, why these particular bonsai trees and wall scrolls are unique, or why he desires to buy them from [the d]efendant's website as opposed to others"), report & recommendation adopted, 2024 WL 247107 (S.D.N.Y. Jan. 23, 2024); see Thorne, 2024 WL 1604273, at *5 (where the plaintiff did not establish standing because, although the plaintiff alleged that he regularly played music in the past and "may intend to purchase music and percussion products at some point in the future, the [first amended complaint] fails to link to link those 'someday' intentions to [the p]laintiff's visiting or making a purchase on [the d]efendant's [w]ebsite in particular, or to any intended future visit to the [w]ebsite"); Feliz, 2024 WL 342701, at *4 (finding standing lacking because the plaintiff "includes no allegations . . . as to why she prefers COVID-19 tests available from IHealth over those available from any other healthcare company or website" either due to the products' reliability or their prices); Tavarez-Vargas v. Annie's Publishing, LLC, No. 21 Civ. 9862 (AT),

2023 WL 2499966, at *3 (S.D.N.Y. Mar. 14, 2023) (finding standing was lacking because the plaintiff "does not explain what hook[-]and[-]needle kit she is interested in, whether Defendant is the only retailer who [sells] the hook[-]and[-]needle kit she [would like], or why she [would] unequivocally return to Defendant to purchase that kit as soon as the accessibility barriers are cured"); Loadholt v. Dungarees, Inc., No. 22 Civ. 4669 (VEC), 2023 WL 2024792, at *3 (S.D.N.Y. Feb. 15, 2023) (finding that the plaintiff did not establish standing when the plaintiff did "not allege the genesis for his sudden need or want for 'belts' or 'jackets'" or facts "as to why Plaintiff prefers belts and jackets from [the defendant] over those available from any other apparel company or other website").  By contrast, courts have found that a plaintiff may establish an intent to return by pleading facts that "allow the court to plausibly infer that [the p]laintiff wishes to buy the [product at issue] from [the d]efendant's website over others and, as such, will return when able to do so."  Chalas v. Barlean's Organic Oils, LLC, No. 22 Civ. 4178 (CM), 2022 WL 17156838, at *3 (S.D.N.Y. Nov. 22, 2022).

There is a myriad of facts that a plaintiff can plead in order to meet the intent-to-return standard outlined in Calcano.  For example, a plaintiff can meet this standard by pleading facts that show the plaintiff's interest in purchasing a unique product that is only available on the defendant's website.  See Guerrero v. Ogawa USA Inc., No. 22 Civ. 2583 (LGS), 2023 WL 4187561, at *3 (S.D.N.Y. June 26, 2023) (finding standing when the plaintiff alleged that she "wants to purchase a unique, differentiated and highly valuable Ogawa product" and tried to do so on "three specific occasions months apart").  A plaintiff can also establish an intent to return to a defendant's website by alleging facts that link the website in question to a hobby or interest in which the plaintiff regularly engages.  See Maddy v. Life Time, Inc., No. 22 Civ. 5007 (LJL), 2023 WL 4364488, at *5 (S.D.N.Y. July 5, 2023) (finding standing because the plaintiff alleged

that she "has a hobby of collecting body lotions and oils from various brands and enjoys purchasing different branded lotions to add to her collection" and that the defendant's website offers a specific "high quality body lotion that [the plaintiff] wants to add to her collection"); Tavarez v. Moo Organic Chocolates, LLC, 641 F. Supp. 3d 76, 79, 82 (S.D.N.Y. 2022) (granting leave to file a first amended complaint where the plaintiff alleged that he was "a 'life-long fan of chocolate' and purportedly enjoys eating a chocolate bar about once a week" and where the proposed amended complaint "specifies three dates on which [the p]laintiff accessed [the d]efendant's website, the specific product [the p]laintiff allegedly seeks to buy, his habit of consuming chocolate, and characteristics of [the d]efendant's Almond Mini Bars that he finds attractive"); Walters v. Fischer Skis U.S., LLC, No. 6:21 Civ. 1115 (LEK) (ATB), 2022 WL 3226352, at *4 (N.D.N.Y. Aug. 10, 2022) (finding standing because the plaintiff alleged an intent to "potentially purchase products and explore the services [offered] . . . in advance of his next ski trip" and that "it is reasonable to infer, based upon [the p]laintiff's history as a skier and his interest in the sport, that he will plan another ski trip and will return to the site to purchase new equipment"); cf. Martin v. Brooklyn Bagel & Coffee Co., Ltd., No. 24 Civ. 3758 (ARR) (RML), 2025 WL 814754, at *3 (E.D.N.Y. Mar. 13, 2025) ("Martin II") ("Plaintiff's desire to seek breakfast options to enjoy with his mother is, contrary to plaintiff's assertions, not a personal and specific interest." (citation & quotation marks omitted)).  Allegations that provide a personal connection to a defendant's product may also sufficiently establish standing.  See Sookul v. Fresh Clean Threads, Inc., 754 F. Supp. 3d 395, 404 (S.D.N.Y. 2024) (finding standing because the plaintiff "alleges plausible reasons why" he intends to return to the defendant's website, such as "the high quality tee shirts, multi-pack offerings, and subscription service offered on [the d]efendant's website, as well as recommendations of [the d]efendant's brand by

several friends" (internal brackets & quotation marks omitted)); <u>Dawkins v. Brandy Libr.</u> <u>Lounge, LLC</u>, No. 23 Civ. 207 (HG), 2023 WL 8455896, at *5 (E.D.N.Y. Dec. 6, 2023) (finding an adequate intent to return because the plaintiff "has identified the particular aspects of the [defendant's] restaurant that piqued his interest, described his regular trips to the restaurant's general area, and explained his specific desire to bring his girlfriend to the restaurant on a date"); <u>Chalas</u>, 2022 WL 17156838, at *3 (finding that the plaintiff sufficiently demonstrated her intent to return to the defendant's website by alleging "that her specific purpose in visiting [the d]efendant's website was to buy . . . supplements for her cousin after hearing that this product in particular could relieve her cousin's issue").

Courts have also found an intent to return sufficient for standing when a plaintiff alleges facts pertaining to the "genesis of his sudden need or want" for the [defendant's] product[,]" or that the defendant's product meets a plaintiff's identified need. <u>Melendez v. Complete Tile</u> <u>Collection, LLC</u>, No. 23 Civ. 8074 (SJB), 2024 WL 4295299, at *2-3 (E.D.N.Y. Sept. 25, 2024) (citation & quotation marks omitted) (finding that the plaintiff established her reason to purchase tiles from the defendant with allegations that "her current bathroom tiles are moldy, and she wants to repair the floor" and that she was "interested in the [defendant's] product because she needs tile made for humid environments"); <u>see</u> <u>Riley v. Baggu Corp.</u>, No. 24 Civ. 9000 (HJR), 2025 WL 2217807, at *3 (S.D.N.Y. Aug. 5, 2025) (finding a sufficient intent to return because the plaintiff alleged that she "enjoys traveling and often goes on picnics with her friends[,]" "needed a food bag that would keep her meals fresh for an extended period" and was drawn to the product style, price point, and shipping options offered on the defendant's website); <u>Hernandez</u>, 2025 WL 1898930, at *2 (finding that the plaintiff adequately alleged the intent to return because he "was looking for a comfortable pajama set that offers a high level of comfort

[and] flexibility of movement" for his child and was drawn to the "exclusive designs[,]" "selections of products" and discount options on the defendant's website); Spice & Tea Exchange, 2024 WL 3928613, at *5 (finding that the plaintiff "barely" established standing with allegations that he "needs to reduce his consumption of added sugar due to medical conditions[,]" that "he is not satisfied with the quality of ordinary mass-market teas" and that the defendant's "organic green tea appeals to him because it has no added sugars or calories but tastes good").

In addition, a plaintiff can demonstrate a plausible intent to return to a defendant's website by attempting to access said website on several occasions over a period of time. See Davis, 2023 WL 4364465, at *1, *6 (finding that the plaintiff established standing because the plaintiff visited the defendant's website five times, over four months, and he alleged that he specifically wanted to buy a particular type of the defendant's nut butter because it "is marketed as allergen friendly and a healthier eating option"). Allegations that a plaintiff visited a defendant's website only twice, without additional factual support, are generally insufficient to establish standing. See Dawkins v. Schott NYC Corp., No. 22 Civ. 3617 (PKC) (TAM), 2023 WL 6283285, at *3-4 (E.D.N.Y. Sept. 26, 2023) (finding statements in an affidavit that the plaintiff visited the defendant's website twice, that he learned of the website through an article published in a magazine, and that he wanted to purchase a specific jacket with an "iconic look" through the website, insufficient to establish standing); Velazquez v. Home Controls, Inc., No. 22 Civ. 3921 (MKV), 2023 WL 4622597, at *3 (S.D.N.Y. July 19, 2023) (finding standing lacking where the plaintiff "alleges in his amended complaint that he visited the [w]ebsite only twice, eleven days apart, to peruse (and potentially purchase) home security items and home automation devices"); Tavarez-Vargas, 2023 WL 2499966, at *2-3 (finding standing lacking

11

even though the plaintiff "alleges that she visited Defendant's website twice, nearly nine months apart, to purchase a 'hook[-]and[-]needle kit'").

## III.    DISCUSSION

Defendant argues, in its motion to dismiss, that 1) Plaintiff lacks standing to bring her ADA claim; and 2) that Plaintiff fails to state an ADA claim because she did not previously give Defendant notice and an opportunity to cure any alleged problems with its website. See generally Def.'s Mem. L.  Defendant does not specifically mention Plaintiff's NYCHRL or declaratory judgment claims in its current motion papers, although Defendant's memorandum of law states that "Defendant expressly incorporates herein its papers submitted with its initial motion to dismiss" as part of its current motion. Id. at 3.  Plaintiff argues in her opposition to Defendant's current motion that she has sufficiently established standing to bring her ADA claim, and that "this Court should retain supplemental jurisdiction over state law claims." Pl.'s Opp. Mem. L. at 5-8, 17, ECF No. 26-12.  Plaintiff does not specifically address her claim for a declaratory judgment in her current opposition. See generally id.  Nevertheless, the Court will examine whether Defendant's jurisdictional challenge to Plaintiff's amended complaint precludes the Court's review of Plaintiff's NYCHRL and declaratory judgment claims.

The Court will first examine whether Plaintiff has standing to bring her ADA claim, followed by her NYCHRL claim and her request for declaratory relief.

### A.    Plaintiff's ADA Claim

In its prior motion to dismiss, Defendant argued that Plaintiff lacked standing to bring her ADA claim because she failed to sufficiently allege both a past injury in fact and a future intent to return to Defendant's website. See Def.'s Prior Mem. L. at 11-15.  In the current motion to dismiss, Defendant argues that Plaintiff's amendments to the complaint do not alter Defendant's

12

prior arguments, that Plaintiff's "Amended Complaint drives home the fact that Plaintiff is not seriously interested in buying Defendant's Ginger Snap bar nor any other Raaka products" and that Plaintiff failed sufficiently allege continuing discrimination. Def.'s Mem. L. at 4, 6. In response, Plaintiff argues that she sufficiently alleged an injury in fact, and that Defendant's arguments regarding Plaintiff's intent to return to Defendant's website "miss[] the point entirely." Pl.'s Opp. Mem. L. at 8.

### 1.    Past Injury

Plaintiff alleges that she suffered an injury-in-fact when, on November 29 and 30, 2023, Plaintiff attempted to purchase a Ginger Snap chocolate bar from Defendant's website but was unable to do so because "Plaintiff was unable to understand and properly interact with the [w]ebsite" due to its incompatibility with her screen-reading software. Am. Compl. ¶¶ 20-21, 24-25. Specifically, Plaintiff alleges that "[o]n the landing page for [the Ginger Snap chocolate bar], different images on the page have the same alternative text[,]" which "causes the screen reader to have an error reading the same text twice." Id. ¶ 43.a. Plaintiff also alleges that she encountered problems with the website's "buttons" when she attempted to add the Ginger Snap chocolate bar to her shopping cart, so that the screen reader "[could not] properly state the relevant information" regarding certain functions, which affected the screen reader's ability to "assist the Plaintiff with checking out her cart." Id. ¶ 43.b. Plaintiff also alleges that Defendant's website contained broken weblinks, which, when visited, prevented Plaintiff's screen reader from returning to her original position on Defendant's website. Id. ¶ 43.e. Defendant argues that, despite any problems with the website, Plaintiff fails to allege that "Plaintiff, herself, was unable to purchase the Ginger Snap [chocolate] bar from [Defendant] due to th[ese] issue[s]." Def.'s Mem. L. at 2.

The Court concludes that Plaintiff's allegations are sufficient to establish a past injury.[2] Plaintiff has listed the specific dates on which she visited Defendant's website, the specific product that she wished to purchase on Defendant's website and the specific problems she encountered when trying to purchase her desired product. See Am. Compl. ¶¶ 20-21, 43. She also alleges that due to Defendant's technical problems, she was unable to purchase the chocolate bar she wished to purchase. See id. ¶¶ 24-25.

Plaintiff does not connect the specific features on Defendant's website to the claim that she was prevented from purchasing the Ginger Snap chocolate bar, such that the Court cannot consider these allegations as contributing to her standing. Nevertheless, Plaintiff does allege that, when she went to view and purchase the chocolate bar, Defendant's website caused an error in her screen reading software and impeded her ability to add the chocolate bar to her virtual shopping cart. See id. ¶ 43.a-b. These alleged problems with Defendant's website made Plaintiff's shopping experience "more difficult and burdensome" for Plaintiff than for an individual without Plaintiff's disability. Davis, 2023 WL 4364465, at *5.

Defendant disputes whether the technical problems mentioned in Plaintiff's amended complaint actually existed on November 29 and 30, 2023, when Plaintiff visited Defendant's website. See Def.'s Mem. L. at 5-6. This argument goes to the factual merits of Plaintiff's ADA claim, not to whether Plaintiff has standing to bring an ADA claim in the first place. Accepting Plaintiff's allegations in the first amended complaint as true, which the Court must do in resolving this motion, see Cortlandt St. Recovery, 790 F.3d at 417, the amended complaint states that Plaintiff wished to purchase a Ginger Snap chocolate bar from Defendant's website, but

---

[2] For the purposes of this analysis, the Court accepts that the ADA applies to Defendant's website as a place of public accommodation, which Defendant has not challenged on this motion.

14

could not do so because the website did not work with Plaintiff's screen reading software with regard to a purchase of a chocolate bar. These allegations are sufficient to establish a past injury.

### 2.    Continuing Discriminatory Treatment

Plaintiff has also sufficiently alleged that she is subject to continuing discriminatory treatment. Plaintiff has alleged that she visited Defendant's website twice, on two different dates, and encountered problems on Defendant's website on both visits. See Am. Compl. ¶ 20, 42. These allegations, although threadbare, are sufficient to establish continuing discrimination on a motion to dismiss. See Spice & Tea Exchange, 2024 WL 3928613, at *4.

Defendant argues that Plaintiff does not establish continuing discriminatory treatment because "she has failed to allege plausibly that any website access problems continued around the date of her Amended Complaint based upon any continued efforts by Plaintiff to attempt to buy Raaka's products." Def.'s Mem. L. at 6. Defendant has not cited – and the Court has not found – any authority to suggest that Plaintiff must visit Defendant's website near the date she files or amends her pleadings in order to establish standing.

The frequency of Plaintiff's continued attempts to purchase Defendant's products is relevant to the Court's analysis of the third requirement for ADA standing, whether Plaintiff intends to return to Defendant's website in the future. The Court will now examine this third requirement.

### 3.    Intent To Return

Plaintiff only makes two allegations regarding her intent to return to Defendant's website: that she "intends to attempt to access the [w]ebsite in the future to purchase products and services the [w]ebsite offers, and more specifically the Ginger Snap chocolate bar, if [the alleged issues are] remedied[,]" and that she "intends to visit the [w]ebsite in the near future if it is made

accessible." Am. Compl. ¶¶ 29, 45. These conclusory allegations on their own are insufficient to allege that Plaintiff is at risk for a future injury from Defendant's website, and thus, fail to establish standing to sue for injunctive relief. See Calcano, 36 F.4th at 77-78. In order to establish ADA standing, Plaintiff's amended complaint must include factual details that suggest that her intent to return to Defendant's website is "plausible." See id. at 76-77.

The amended complaint does not contain such factual allegations. Plaintiff does not offer any allegations as to the "genesis for [her] sudden need or want" for Defendant's chocolate. Dungarees, 2023 WL 2024792, at *3; cf. Melendez, 2024 WL 4295299, at *3 ("In contrast, Melendez identifies the 'genesis' of her desires – her current bathroom tiles are moldy, and she wants to repair the floor."). Although Plaintiff alleges that "she was looking for a store specializing in high-quality chocolate with natural flavors[,]" Am. Compl. ¶ 40, Plaintiff does not allege why she was looking for such a chocolate vendor. Plaintiff does not, for example, allege that she was recommended Defendant's chocolates from someone else, cf. Sookul, 754 F. Supp. 3d at 404 (finding standing in part because the plaintiff received recommendations of the defendant's products from friends), or that she wished to purchase Defendant's chocolate for another individual, cf., Hernandez, 2025 WL 1898930, at *2 (finding standing in part because the plaintiff alleged that he wanted to purchase pajamas for his child); Brandy Libr. Lounge, 2023 WL 8455896, at *5 (same because the plaintiff alleged that he wanted to bring his girlfriend to the defendant's restaurant); Chalas, 2022 WL 17156838, at *3 (same because the plaintiff wished to purchase the defendant's products to help her cousin). Plaintiff does not offer any specific desire or need that Defendant's chocolate would satisfy. Cf. Riley, 2025 WL 2217807, at *3 (finding standing in part because the plaintiff alleged that she "needed a food bag that would keep her meals fresh for an extended period" for her picnics with friends); Spice &

16

Tea Exchange, 2024 WL 3928613, at *5 (same because the plaintiff sought the defendant's products in part because he "needs to reduce his consumption of added sugar due to medical conditions").

Although Plaintiff alleges that she "often seeks out high-end chocolate for both its taste and benefits[,]" Am. Compl. ¶¶ 22, 40, Plaintiff does not offer any reasons why her interest in high-end chocolate is a "personal and specific interest." Martin II, 2025 WL 814754, at *3. For example, Plaintiff does not allege that she has a hobby of collecting different types of chocolate, cf. Maddy, 2023 WL 4364488, at *5 (finding standing in part because the plaintiff's "hobby of collecting body lotions and oils from various brands), or that she ate high-end chocolates with any regularity prior to her attempts to purchase Defendant's chocolate, cf. Tavarez, 641 F. Supp. 3d at 79 (granting leave to file amend the complaint when the plaintiff included proposed allegations that that he is "a 'life-long fan of chocolate' and purportedly enjoys eating a chocolate bar about once a week"). Plaintiff's allegation that she seeks out high-end chocolate for its taste does not establish that Plaintiff regularly has purchased such chocolate in the past and is insufficient for the Court to reasonably infer, "based upon Plaintiff's history [as a chocolate enthusiast] and interest [in chocolate] . . . that [Plaintiff] will return to the site" to purchase chocolate from Defendant. Walters, 2022 WL 3226352, at *4.

In addition to the deficiencies listed above, Plaintiff's amended complaint also lacks allegations as to why Plaintiff specifically seeks chocolate from Defendant's website. For example, although Plaintiff alleges that Defendant "focus[es] on crafting high-quality, organic, and non-GMO chocolate that is also gluten and soy-free[,]" Am. Compl. ¶¶ 23, 41, Plaintiff "does not allege that [Defendant] is the only retailer that sells [high-quality and organic chocolate], or that [s]he has searched for similar [chocolates] but has been unable to find them

elsewhere at a comparable price point." Feliz, 2024 WL 342701, at *4; see Tavarez-Vargas, 2023 WL 2499966, at *3.  Furthermore, although Plaintiff alleges that she "wanted to purchase the Ginger Snap chocolate bar" because "she was looking for an organic chocolate made with natural ingredients[,]" Am. Compl. ¶¶ 21-22, 40, Plaintiff does not allege any facts as to why she wished to purchase the Ginger Snap chocolate bar, or why the Ginger Snap chocolate bar was "unique" and "differentiated." Guerrero, 2023 WL 4187561, at *3; cf. Tavarez, 641 F. Supp. 3d at 82 (noting that the plaintiff described, in his proposed second amended complaint, the "characteristics of [the d]efendant's Almond Mini [chocolate] bars that he finds attractive[,]" namely, their "attractive flavor combination, health value, and environmental impact").

The frequency of Plaintiff's visits to Defendant's website is also relevant to the Court's standing analysis.  Plaintiff only alleges that she visited Defendant's website twice, within two days of one another, and less than one month before filing this lawsuit.  See Am. Compl. ¶¶ 20, 42; ECF No. 1.  Without additional facts suggesting an intent to return to Defendant's website, two visits alone generally are not enough to find standing.[3]  See Tavarez-Vargas, 2023 WL 2499966, at *2-3; Schott NYC, 2023 WL 6283285, at *3-4; Home Controls, 2023 WL 4622597, at *3.

---

[3] Furthermore, as Defendant notes, Plaintiff does not allege that she attempted to visit Defendant's website since these two initial visits in November 2023, even after Defendant argued in its prior motion to dismiss that this action was moot because an independent audit had attested that Defendant's website was accessible.  See Def.'s Mem. L. at 6; Def.'s Prior Mem. L. at 15-16.  The Court notes that Plaintiff amended her complaint after receiving Defendant's first motion to dismiss, which contained a report that Defendant's website was allegedly compatible with screen-reading software as an exhibit.  See generally Am. Compl.; ECF No. 18-8.  Plaintiff does not allege in the amended complaint that she again tried to purchase chocolate from Defendant's website after receiving this report, which suggests that her allegation that she "intends to visit the [w]ebsite in the near future if it is made accessible" is implausible.  Am. Compl. ¶ 45.

Plaintiff argues that "Defendant's challenge to Plaintiff's genuine intent to return to the [w]ebsite . . . misses the point entirely[,]" as "Defendant must provide an <u>accessible</u> website that is available to Plaintiff twenty-four hours a day, seven days a week – as it is for sighted customers."  Pl.'s Opp. Mem. L. at 8 (emphasis in original).  This argument does not address the critical question in the Court's standing inquiry – whether Plaintiff's conclusory allegations that she intends to return to Defendant's website have "factual support[.]"  <u>Calcano</u>, 36 F.4th at 78. In fact, Plaintiff does not offer any arguments in this motion that her alleged intent to return is genuine.  Before the Court may examine whether the ADA requires Defendant to "provide a website that allows Plaintiff to peruse [Defendant's] products at her leisure[,]" Pl.'s Mem. L. at 8, the Court must first assure itself that, accepting Plaintiff's allegations as true, Defendant's current website has caused Plaintiff an immediate, "concrete and particularized" harm.  <u>Calcano</u>, 36 F.4th at 74 (quoting <u>Lujan</u>, 504 U.S. at 560).  Because Plaintiff has not alleged, beyond conclusory statements, that Defendant's website has caused her such an impending injury, this Court may not consider her claim for injunctive relief under the ADA.

Because Plaintiff has not alleged facts to infer that she intends to return to Defendant's website, Plaintiff lacks standing to bring her ADA claim.

**B.    Plaintiff's Remaining Claims**

Having found that Plaintiff lacks standing to bring her ADA claim, the Court now examines whether it may hear Plaintiff's NYCHRL claim and her declaratory judgment claim.

**1.    NYCHRL**

Plaintiff seeks injunctive relief, civil penalties, and compensatory and punitive damages for her NYCHRL claims.  <u>See</u> Am. Compl. ¶¶ 81-82.

The Court will dismiss Plaintiff's NYCHRL claims alongside her ADA claim.  Because the standing requirements in federal court for NYCHRL and ADA claims are the same, see Martin I, 2024 WL 4827737, at *7; Feliz, 2024 WL 342701, at *5, Plaintiff's claim for injunctive relief under the NYCHRL, like her ADA claim, must be dismissed for lack of standing.  In addition, the Court declines to exercise supplemental jurisdiction for Plaintiff's NYCHRL claims for civil penalties and compensatory and punitive damages, as "[i]t is well settled that where, as here, the federal claims are eliminated in the early stages of litigation, courts should generally decline to exercise pendent jurisdiction over remaining state[-]law claims."  Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 262 (2d Cir. 2006).

### 2.    Declaratory Judgment

Plaintiff seeks a declaratory judgment that Defendant is in violation of the ADA and the NYCHRL pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.  See Am. Compl. ¶¶ 12, 85-86.  "However, a request for relief in the form of a declaratory judgment does not by itself establish a case or controversy involving an adjudication of rights."  In re Joint S. & E. Dist. Asbestos Litig., 14 F.3d 726, 731 (2d Cir. 1993).  As such, a "plaintiff cannot maintain a claim for a declaratory judgment where the underlying substantive claim has been dismissed since the Declaratory Judgment Act only created a procedural mechanism and not an independent cause of action."  Toretto v. Donnelley Fin. Sols., Inc., 583 F. Supp. 3d 570, 606 (S.D.N.Y. 2022) (citation omitted).  Because the Court dismisses Plaintiff's substantive claims here, it must dismiss Plaintiff's declaratory judgment claim as well.

### C.      Leave to Amend

The parties did not address in their current motion papers whether, in the face of a dismissal, Plaintiff should be given leave to amend her complaint.  See generally Def.'s Mem. L.; Pl.'s Opp. Mem. L.  Nevertheless, because a court "should freely give leave [to amend pleadings] when justice so requires[,]" Fed. R. Civ. P. 15(a)(2), and because Plaintiff may be able to cure the deficiencies in her first amended complaint with more specific factual allegations, the Court will provide Plaintiff with one more opportunity to amend her complaint to the correct the deficiencies noted herein.  Plaintiff may file a second amended complaint within 45 days of this Order.  If Plaintiff does not timely file a second amended complaint, this action will be dismissed without prejudice for lack of standing.  Defendant must answer or otherwise respond to any second amended complaint within 21 days of service.  Given that Plaintiff has already amended her complaint in response to a motion to dismiss, the Court will not likely grant Plaintiff leave to amend her complaint a third time.

Because Plaintiff's first amended complaint does not establish standing, the Court has not addressed the remaining arguments in Defendant's motion to dismiss.  The parties also did not brief the issues of whether, pursuant to Pallozzi v. Allstate Life Ins. Co., 198 F.3d 28 (2d Cir. 1999), Defendant's website may be considered a "place of public accommodation" under the ADA, 42 U.S.C. § 12182(a); of whether Defendant's provision of an alternate technological means of completing the purchase of the chocolate bar moots Plaintiff's claim; and of whether Plaintiff's theory that Defendant had to provide her with an opportunity to browse the website as an experience in and of itself as compared to providing a means to complete a purchase of a chocolate bar is a viable ADA claim giving rise to an injury and injunctive relief.  These are some of several legal issues in this matter that remain unresolved.  Given the uncertainty into

these legal issues, which are likely to lead to further motion practice, the Court encourages the parties to work to reach a voluntary resolution of Plaintiff's claims.

## IV.     CONCLUSION

For the reasons stated above, Defendant's motion to dismiss is granted; the amended complaint is dismissed without prejudice; and Plaintiff is <u>sua</u> <u>sponte</u> granted leave to amend her complaint to correct all deficiencies in her pleadings.  Plaintiff may file a second amended complaint within 45 days of this Order.  If Plaintiff does not file a second amended complaint within 45 days of this Order, this action will be dismissed without prejudice for lack of standing. Defendant must answer or otherwise respond to any second amended complaint within 21 days of service.

Dated: Brooklyn, New York
        September 28, 2025

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge