**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

RHONDINE MELENDEZ, on behalf of herself
and all others similarly situated,

                        *Plaintiff*,

          v.

RAAKA CHOCOLATE, INC.,

                        *Defendant.*

Civil Action No. 23-cv-9532 FB-VMS

 

**DEFENDANT RAAKA CHOCOLATE, INC.'S MEMORANDUM**
**OF LAW IN REPLY TO PLAINTIFF'S OPPOSITION TO ITS MOTION**
**TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

**KAYSER & REDFERN, LLP**
515 Madison Avenue, 31st Fl.
New York, New York 10022
(212) 935-5057
***Attorneys for Defendant Raaka Chocolate, Inc.***

# TABLE OF CONTENTS

Page

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    iii

**Introduction** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    1

**POINT I**
**AS THE SECOND AMENDED COMPLAINT DOES NOT MATERIALLY**
**AMEND THE AMENDED COMPLAINT AND PLAINTIFF DOES NOT TAKE**
**ISSUE WITH ANYTHING IN THE COURT'S ORDER DISMISSING THE**
**AMENDED COMPLAINT, THE SECOND AMENDED COMPLAINT IS ALSO**
**DUE TO BE DISMISSED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    3

**POINT II**
**PLAINTIFF FAILS TO ADDRESS THE EQUITABLE PRINCIPLES IN**
**STARBUCKS AND OBFUSCATES THE NOTICE ISSUE WITH THE**
**INAPPOSITE CASES CITED** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

**POINT III**
**PLAINTIFF'S WEBSITE IS NOT A <u>PLACE</u> OF PUBLIC**
**ACCOMMODATION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    7

**POINT IV**
**RAAKA HAS FOUND NO CASE IN WHICH A FEDERAL COURT, HAVING**
**DISMISSED ALL FEDERAL CLAIMS UNDER THE ADA AT THE PLEADING**
**STAGE, HAS RETAINED PENDANT JURISDICTION OF STATE LAW**
**CLAIMS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

**CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

i

**TABLE OF AUTHORITIES**

Page

Botosan v. Paul McNally Realty
        216 F.3d 827, 832-834 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

Chavez v. L2 Liu
        2021 U.S. Dist. LEXIS 37700, 2021 WL 1146561
        (E.D.N.Y. February 26, 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    5, 6, 7

Dudley v. Hannaford Bros. Co.
        333 F.3d 299, 305-306 (1st. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

Fernandez v. Scanpan USA, Inc.
        2025 U.S. Dist. LEXIS 192331, 2025 WL 2774113
        (S.D.N.Y. September 29, 2025) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

Gil v. Winn-Dixie Stores, Inc.
        993 F.3d 1266, 1274 (11th Cir. 2021) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8

Haynes v. Dunkin' Donuts, LLC
        741 Fed. Appx. 752, 2018 U.S. App. LEXIS 21126,
        2018 WL 3634720 (11th Cir. July 31, 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    8, 9

Henson v. Santander Consumer USA Inc.
        582 U.S. 79, 89 (2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    9

Loadholt v. Oriential-Decor.Com, Inc.
        2024 U.S. Dist. LEXIS 2293, ____ F.Supp.3d ___, 2024 WL78243
        (S.D.N.Y. January 4, 2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    10

Maddy v. Life Time, Inc.
        2023 U.S. Dist. LEXIS 115503, 2023 WL 4364488 (S.D.N.Y. July 5, 2023) . . . .    3

Pickern v. Holiday Quality Foods
        293 F.3d 1133, 1136-1138 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    4

Rendon v. Extreme Networks, Inc.
        2025 U.S. Dist. LEXIS 61725, 2025 WL 1004733 (S.D.N.Y. March 31, 2025) . .    3

Robles v. Domino's Pizza, LLC
    913 F.3d 898, 2019 U.S. App. LEXIS 1292, 2019 WL 190134
    (9th Cir. January 15, 2019) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Starbucks Corp. v. McKinney, et al.
    602 U.S. 339 (2024) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 7, 9

Steger v. Franco, Inc.
    228 F.3d 889, 892-894 (8th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

Velazquez v. Home Controls, Inc.
    2023 U.S. Dist. LEXIS 124514 at p. 8, 2023 WL 4622597
    (S.D.N.Y. July 19, 2023) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

West Virginia v. EPA
    597 U.S. 697, 142 S. Ct. 2587 (2022) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

**Statutes**
42 U.S.C. §12182(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

42 U.S.C. §12181(7)(J) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

42 U.S.C. §12188(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

FED. R. CIV. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

FED. R. CIV. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7

Raaka Chocolate, Inc. ("Defendant" or "Raaka") respectfully submits this Memorandum of Law in Reply to Plaintiff, Rhondine Melendez ("Plaintiff's" or "Melendez's") Opposition to Raaka's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint ("Second Amended Complaint" or "SAC").

**<u>Introduction</u>**

Plaintiff's opposition to Raaka's Motion to Dismiss Plaintiff's SAC does not take issue with the fact that the Court's twenty-two (22) page Order rendered September 28, 2025, dismissing without prejudice Plaintiff's Amended Complaint[1], constitutes the law of the case. Nor does Plaintiff take issue with Defendant's delineation of the differences, which are minimal and non-material, between Plaintiff's Amended Complaint and the SAC set forth at page 1, footnote one, of Defendant's Memorandum of Law in Support of the Motion to Dismiss Plaintiff's SAC ("Defendant's Memorandum of Law"). In fact, Plaintiff's Memorandum of Law to Defendant's Motion to Dismiss its Second Amended Complaint ("Plaintiff's Opposition") does not take issue with anything in the Court's Order. As the Court correctly noted at page 15 of its Order[2]:

> "The frequency of Plaintiff's continued attempts to purchase Defendant's products is relevant to the Court's analysis of the third requirement for ADA standing, whether Plaintiff intends to return to Defendant's website in the future. The Court will now examine this third requirement."
> 
>                                       …
> 
> "3. Intent To Return
> 
> Plaintiff only makes two allegations regarding her intent to return to Defendant's website: that she 'intends to attempt to access the [w]ebsite in the future to purchase products and services the [w]ebsite offers, and more specifically the Ginger Snap chocolate bar, if [the alleged issues are] remedied[,]' and that she 'intends to visit the [w]ebsite in the near future if it is made accessible.' Am.

---

[1] The Court gave Melendez until November 12, 2025, to file and serve a Second Amended Complaint.
[2] Exhibit 3 to the Affidavit of Leo Kayser, III sworn to December 3, 2025, ("Kayser Aff.") in support of Defendant's Motion to Dismiss Plaintiff's SAC.

Compl. ¶¶ 29, 45. These conclusory allegations on their own are insufficient to allege that Plaintiff is at risk for a future injury from Defendant's website, and thus, fail to establish standing to sue for injunctive relief. See Calcano, 36 F.4th at 77-78. In order to establish ADA standing, Plaintiff's amended complaint must include factual details that suggest that her intent to return to Defendant's website is 'plausible.' See id. at 76-77."

Plaintiff's SAC does not allege Plaintiff made any more visits to Raaka's website since her initial two alleged visits over two years ago on November 29, 2023, and November 30, 2023, ¶45 of Plaintiff's SAC.  In her Memorandum of Law in Opposition to Defendant's Motion to Dismiss the SAC, at p. 1, Plaintiff misleadingly describes these two 2023 alleged visits as follows:

"Plaintiff pleads (i) multiple unsuccessful visits identifying the precise accessibility failures at issue, (ii) an intent to return to the website to purchase goods once it is accessible, and (iii) a real and immediate risk of repeated injury because Defendant's noncompliance persists." (Emphasis added)

Plaintiff's failure to revisit Raaka's website to purchase chocolate belies her ability to establish any real continuing injury and thus, standing.

Defendant also shall address whether Plaintiff qualifies for equitable injunctive relief, whether Raaka's website constitutes a "place" of public accommodation, and whether Plaintiff's state law pendant jurisdiction state law claims can be maintained in the face of early dismissal of all federal claims stated in her Memorandum of Law, infra.

**POINT I**

**AS THE SECOND AMENDED COMPLAINT DOES NOT MATERIALLY AMEND THE AMENDED COMPLAINT AND PLAINTIFF DOES NOT TAKE ISSUE WITH ANYTHING IN THE COURT'S ORDER DISMISSING THE AMENDED COMPLAINT, THE SECOND AMENDED COMPLAINT IS ALSO DUE TO BE DISMISSED**

Plaintiff's minimal non-material amendments to her Amended Complaint and specifically her failure to have alleged to have revisited Raaka's website since her initial alleged visits on November 29, 2023, and November 30, 2023, in light of the Court's September 28, 2025, Order, should constitute the beginning and the end of the analysis to reaffirm the Court's Order and to dismiss yet again, for the third time, Plaintiff's SAC, especially when Plaintiff fails to discuss or argue that any particular amendment is significant.

But, in further support of the Court's reasoning in its Order dismissing without prejudice the Amended Complaint relating to the failure of Melendez to revisit Raaka's website since November 2023, is the emphasis of the Court in Maddy v. Life Time, Inc., 2023 U.S. Dist. LEXIS 115503, 2023 WL 4364488 (S.D.N.Y. July 5, 2023), which the Court cited in its Order, and which highlighted the importance of the plaintiff's visits in Maddy to defendant's website before serving the amended complaint in that action:

> "[Plaintiff] claims to have visited the website on numerous occasions, including the day before filing the FAC, and to have been unable to make a purchase due to access barriers on the website." (Emphasis added)

Even with the Court's citing of Maddy, supra, still, Melendez did not bother to revisit Raaka's website prior to serving her Second Amended Complaint. Accord Rendon v. Extreme Networks, Inc., 2025 U.S. Dist. LEXIS 61725, 2025 WL 1004733 (S.D.N.Y. March 31, 2025), previously cited in Raaka's Memorandum of Law at p. 8.

3

## POINT II

### PLAINTIFF FAILS TO ADDRESS THE EQUITABLE PRINCIPLES IN STARBUCKS AND OBFUSCATES THE NOTICE ISSUE WITH THE INAPPOSITE CASES CITED

Plaintiff cites four cases for the erroneous proposition that §12188(a)(1) expressly relieves Plaintiff from providing reasonable notice and an opportunity to address any access issue for someone with a disability when equitable principles otherwise would require application of such notice under Starbucks Corp. v. McKinney, et al., 602 U.S. 339 (2024).

Plaintiff's first inapposite case, Botosan v. Paul McNally Realty, 216 F.3d 827, 832-834 (9th Cir. 2000), holds that a claimant "…was not required to give notice to any state or local agency before filing his Title III action."

The next case Plaintiff cites, Dudley v. Hannaford Bros. Co., 333 F.3d 299, 305-306 (1st Cir. 2003), pertains to a disabled person who, due to an injury, exhibited apparent signs of inebriation in a liquor store, and had refused to sell him alcohol. As the store refused to change that policy, the problem could repeat itself.

Pickern v. Holiday Quality Foods, 293 F.3d 1133, 1136-1138 (9th Cir. 2002) involves a paraplegic who encountered architectural barriers at defendant's store but was deterred from visiting because he was aware of such barriers and had reason to believe such barriers were not going to be remedied.  But in Pickern, the Court wrote and emphasized:

> "…Title III explicitly provides that it does not require 'a person with a disability to engage in a futile gesture…if such person has actual notice that a person or organization…does not intend to comply' with the ADA." (Emphasis added)

This holding is in accord with the statutory language in §12188(a)(1) at p. 5 of Raaka's Memorandum of Law in support of its Motion to Dismiss Plaintiff's SAC.

4

Steger v. Franco, Inc., 228 F.3d 889, 892-894 (8th Cir. 2000) does not appear to be a notice case at all.  Chavez v. L2 Liu, 2021 U.S. Dist. LEXIS 37700, 2021 WL 1146561 (E.D.N.Y. February 26, 2021) has a footnote that an absolute notice requirement and an opportunity to cure passed the House in 2017 but not the Senate.  This is different from the current law that relieves the requirement of notice if such notice would be futile.

Finally, Plaintiff states at p. 8 of her Opposition to Defendant's Motion to Dismiss that "Even if the Court were inclined to consider equitable notice concepts, Defendant's position still fails.  The complaint itself provides detailed, written notice of the specific barriers..."  Plaintiff makes the argument to counter Raaka's argument that the fact it was using a program, accessiBe, to make its website accessible to the visually impaired would support that providing notice to Raaka that its website needed improvement would not have been futile as Raaka demonstratively was attempting to comply with the ADA.  Plaintiff's argument fails to acknowledge the tortured history of Plaintiff's case against Raaka in which during oral argument on Defendant's first Motion to Dismiss, Plaintiff's counsel, in the middle of that oral argument, requested to amend Plaintiff's initial complaint to specify which claims of the cookie cutter complaint applied to Raaka's website that Plaintiff allegedly encountered and only then did Raaka learn which alleged problems with Raaka's website Plaintiff, herself, had allegedly encountered.

When Raaka then requested accessiBe and its own website curator, Max Conley, to perform an analysis on those aspects of Raaka's website Plaintiff claimed had given her a problem on her two visits on November 29, 2023, and November 30, 2023, the analysis completed by accessiBe and Mr. Conley, which was provided in Raaka's Motion to Dismiss Plaintiff's Amended Complaint (Exhibit 5 to the Affidavit of Leo Kayser, III sworn to August 12, 2024, [ECF 26-9]),

5

showed those particular aspects of Raaka's website to be accessible to a blind customer. The Court noted at p. 14 of its September 28, 2025, Order dismissing without prejudice Plaintiff's SAC:

> "Defendant disputes whether the technical problems mentioned in Plaintiffs' amended complaint actually existed on November 29 and 30, 2023, when Plaintiff visited Defendant's website. See Def.'s Mem. L. at 5-6."

What the analysis of the website performance demonstrates that at least as of the time the analysis was conducted, July 15, 2024, that the Plaintiff's claimed barriers did not exist, if those barriers had ever existed. However, even after Raaka in its Motion to Dismiss Plaintiff's Amended Complaint asserted that the alleged barriers Plaintiff encountered did not exist, Plaintiff, still, for almost 2 years thereafter, did not see fit to revisit Raaka's website to see if she could successfully purchase the Ginger Snap bar she claims to desire.

Nothing in Raaka's conduct suggests it would not still be willing to work with Plaintiff to assess how Raaka could improve Plaintiff's experience on Raaka's website. What Raaka has been unwilling to do is pay any legal fees when all Plaintiff needed to do was call or otherwise reach out to Raaka to remedy, if possible, any issues Plaintiff may have actually encountered as a real Raaka customer.

As stated by the Court in Chavez, supra, at p. 2, cited by Plaintiff:

> "Although the law is well-intentioned, courts across the country have grappled with a cottage industry of plaintiffs' attorneys who, encouraged by the statute's attorney's fee provision, bring suits to extract nuisance value settlements by identifying ADA violations with no intention of seeking remediation. [FN omitted] These nuisance value settlements are achieved with relative ease as plaintiffs are not required to exhaust administrative remedies. Furthermore, as plaintiffs are not required to give notice to defendants prior to filing their lawsuit, [FN omitted] they can begin incurring attorney's fees even before defendants are aware of the alleged ADA violations."

At least some Courts, as in <u>Chavez</u>, <u>supra</u>, considered themselves constrained on the notice issue prior to <u>Starbucks</u>, <u>supra</u>, which now mandates the application of all equitable principles when the federal remedy is limited to preliminary and/or permanent injunctions.

## POINT III

### PLAINTIFF'S WEBSITE IS NOT A **PLACE** OF PUBLIC ACCOMODATION

First, as more than merely a technical pleading matter, Plaintiff's SAC does not allege that Raaka's website is a <u>place</u> of public accommodation as prescribed in 42 U.S.C. §12182(a):

> "[N]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any <u>place</u> of public accommodation by any person who owns, leases (or leases to), or operates <u>a place of public accommodation</u>." (Emphasis added)

Paragraph 16 of Plaintiff's SAC only alleges:

> "Defendant's Website, and the goods and services offered thereupon, is a public accommodation within the definition of Title III of the ADA, 42 U.S.C. §12181(7)(j)."

Raaka already pointed out in its Memorandum of Law in support of its Motion to Dismiss Plaintiff's SAC pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ("Raaka's Memorandum of Law") at pp. 12-13 the defect in Plaintiff's SAC. Plaintiff ignores and does not attempt to correct this rather substantive defect as Raaka is a manufacturer of chocolate and not a "(7)(j) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education" and Plaintiff's claim pertains only to Raaka's website, not any physical location.

Nor does Plaintiff's Memorandum of Law in Opposition to Defendant Raaka Chocolate, Inc.'s Motion to Dismiss the SAC ("Plaintiff's Opposition") even attempt to address the point raised in Raaka's Moving Memorandum of Law: namely, the distinction between the definition of

a "public accommodation" and a "place of public accommodation" which is expressly pointed out by many Appellate Courts. <u>Gil v. Winn-Dixie Stores, Inc.</u>, 993 F.3d 1266, 1274 (11th Cir. 2021). The 11th Circuit, as its brethren in the 3rd Circuit, 5th Circuit, 6th Circuit and 9th Circuit, previously cited in Raaka's Moving Memorandum of Law at pp. 9-12 held:

> "The statutory language in Title III of the ADA defining 'public accommodation' is unambiguous and clear. It describes twelve types of locations that are public accommodations. All of these listed types of locations are tangible, physical places. No intangible places or spaces, such as websites, are listed. Thus, we conclude that, pursuant to the plain language of Title III of the ADA, public accommodations are limited to actual, physical places. Necessarily then, we hold that websites are not a place of public accommodation under Title III of the ADA."

<u>Haynes v. Dunkin' Donuts, LLC</u>, 741 Fed. Appx. 752, 2018 U.S. App. LEXIS 21126, 2018 WL 3634720 (11th Cir. July 31, 2018), cited by Plaintiff at p. 10 of Plaintiff's Opposition is not cited in the 2021 <u>Winn-Dixie</u>, 11th Cir. Case, <u>supra</u>. But in any event, <u>Haynes</u>, does not apply to the case at bar in which the SAC only alleges at ¶40 Raaka "owns and operates the Website…" and at ¶44 "This Website holds themselves out as an online store…" The SAC does not allege Raaka itself owns any physically located stores, which distinguishes it from <u>Haynes</u>, which held:

> "It appears that the website is a service that facilitates the use of Dunkin' Donuts' shops, which are places of public accommodation."

<u>Accord</u>, <u>Fernandez v. Scanpan USA, Inc.</u>, 2025 U.S. Dist. LEXIS 192331, 2025 WL 2774113, (S.D.N.Y. September 29, 2025), a Stein Saks case in which the Court noted:

> "This is another case in which a serial litigant has sued the operator of a website…"

The same distinction applies to the 9th Circuit case cited by Plaintiff for the claim websites are covered by the ADA, <u>Robles v. Domino's Pizza, LLC</u>, 913 F.3d 898, 2019 U.S. App. LEXIS

1292, 2019 WL 190134 (9th Cir. January 15, 2019), which, as in <u>Haynes</u>, <u>supra</u>, had its own stores tied to its website.

The website cases within the Second Circuit are split on this issue of whether websites should be considered a place of public accommodation. However, most of the cases which held websites should be considered <u>places</u> of public accommodation preceded the U.S. Supreme Court's decision in <u>West Virginia v. EPA</u>, 597 U.S. 697, 142 S. Ct. 2587 (2022) articulating the major question doctrine. Also, those cases, in order to circumvent the fact the ADA nowhere expressly includes websites as a public accommodation, even after the amendments in 2008 to the ADA, when the split among courts had become apparent, generally would cite the remedial structure of the ADA and the remedial statutes should be liberally construed to support their holdings to include websites within the scope of places of public accommodation.

The problem with this approach is two-fold: first, the expansion of the scope of the ADA to encompass websites puts those courts more in the shoes of the legislature, which must weigh competing political interests such as the economic burden on small business against the plight of a person with a disability. <u>Henson v. Santander Consumer USA Inc.</u>, 582 U.S. 79, 89 (2017) "…it is of course our job to apply faithfully the law Congress has written, it is never our job to rewrite a constitutionally valid statutory text…" Compare this with the Supreme Court's <u>Starbucks</u>, <u>supra</u>, held grounded in traditional principles vested in courts of equity, which in fact, are mandated to apply equitable principles before exercising judicial prerogatives.

## POINT IV

### RAAKA HAS FOUND NO CASE IN WHICH A FEDERAL COURT, HAVING DISMISSED ALL FEDERAL CLAIMS UNDER THE ADA AT THE PLEADING STAGE, HAS RETAINED PENDANT JURISDICTION OF STATE LAW CLAIMS

It is the general practice of the federal courts in the Second Circuit to dismiss rather than exercise state and local law pendant jurisdiction claims when the federal ADA claims are dismissed.  See, e.g., Loadholt v. Oriental-Décor.Com, Inc., 2024 U.S. Dist. LEXIS 2293, ___ F. Supp.3d ___, 2024 WL 78243 (S.D.N.Y. January 4, 2024), Velazquez v. Home Controls, Inc., 2023 U.S. Dist. LEXIS 124514 at p. 8, 2023 WL 4622597 (S.D.N.Y. July 19, 2023).

### CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be dismissed with no further leave to amend.

Dated: New York, New York
      January 22, 2026

Respectfully Submitted,

KAYSER & REDFERN, LLP

/s/ Leo Kayser, III
LEO KAYSER, III (LK 3550)
515 Madison Avenue, 31st Floor
New York, NY 10022
Tel: (212) 935-5057
lkayser@515law.com
**ATTORNEYS FOR DEFENDANT**

TO:   Rami Salim, Esq.
      STEIN SAKS, PLLC
      One University Plaza, Suite 620
      Hackensack, NJ 07601
      Tel: (201) 282-6500 ext. 124
      mrozenberg@steinsakslegal.com
      **ATTORNEYS FOR PLAINTIFF**